UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

CCS TRANS, INC.
1350 FIFTH AVENUE
YOUNGSTOWN, OHIO 44504

        PLAINTIFF,

VS.

UNITED STATES DEPARTMENT OF
THE TREASURY – INTERNAL
REVENUE SERVICE

SERVE ON:
Steven M. Dettelbach, Esq.
U.S. Attorney for the Northern District of Ohio
801 W. Superior Ave., Suite 400
Cleveland, Ohio 44113-1852

And

Eric H. Holder, Jr., Esq.
Attorney General of the US.
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530

And

Internal Revenue Service
Chief Counsel
1111 Constitution Ave., NW
Washington, DC 20224

        DEFENDANTS.

CASE NO. 4:14CV2332

JUDGE JUDGE PEARSON
MAGISTRATE JUDGE

MAG. JUDGE BURKE

**COMPLAINT TO QUITE TITLE AND FOR A TEMPORARY RESTRAINING ORDER**

This action is an action under 28 U.S.C. §2410(a) to quiet title to the assets of CCS Trans, Inc. (hereinafter "CCS") by reason of the disregard by an officer of the United States of collection provisions of Title 26 of the United States Code.

## I.     JURISDICTION AND VENUE

1. The United States District Court for the Northern District of Ohio has jurisdiction over this action under the provisions of 28 U.S.C. §§1331, 1346 and 2410(a). The claim in this action arises under the provisions of 26 U.S.C. §7433(a). Venue is properly laid in this district under the provisions of 28 U.S.C. §1391(e) and 1402(a)(2) for the reason plaintiff either resides in this district or the alleged liability arose in this district and the principal place of business for Plaintiff is within this district.

2. The cause of action here to quiet title arises under 26 U.S.C. §7433(a) by reason of the assertion by an officer of the United States of lien and levy for alleged unpaid payroll taxes, heavy load taxes and civil penalties for CCS. The assertion of this lien under the facts relevant here is an unauthorized collection action. CCS has exhausted all administrative remedies.

## II.     THE PARTIES

3. Plaintiff CCS, is a corporation organized and existing under the laws of the State of Ohio. CCS has its principal place of business at 221 Court Street, Youngstown, Ohio 44504. CCS is engaged in the transportation business providing bus, van and limousine service to Youngstown State University, the Youngstown Public Schools and the public in general. CCS or its principals have been engaged in the business for over forty years and have been an employer in Youngstown for the entire period.

4. Defendant is the United States of America. The United States has been made a party to this action by reason of the acts of a federal official, a revenue officer of the Internal Revenue Service.

### III.  CLAIM FOR RELIEF

5. Plaintiff realleges paragraphs 1 through 4 above as though fully restated herein.

6. The United States has been engaged in unlawful collection activity against CCS for heavy load taxes, payroll taxes and civil penalties.

7. By reason of ongoing dispute concerning the propriety of the tax claims, the United States, without just cause, has resorted to direct collection action against CCS customers without complying with appropriate notice or procedural requirements. The unlawful collection tactics of the United States have caused interference with CCS's ability to operate or pay its employees.

8. The unlawful acts of the United States threaten to cause imminent, grave and irreparable harm to CCS for the reason CCS will not be able to function as a going concern due to the unlawful levy action.

9. The principal tax amount involved is $25,000.00. See, Exhibit A. CCS has paid over its tenure as a going concern tens of thousands in taxes.

10. The collection action of the United States is unlawful and constitutes reckless disregard of appropriate collection procedures.

11. The unlawful assertion of a lien by the United States against CCS has created an imminent risk of grave irreparable harm to CCS and its empolyees.

WHEREFORE, CCS requests the following relief:

a) An immediate order with temporary restraint quieting title to the assets of CCS, ordering the immediate return of funds and prohibiting future unlawful collection action;

b) An expedited hearing;

c) Consolidation of a hearing on the motion for a preliminary injunction with the hearing on the merits; and

d) Such further relief that is fair, just and equitable.

_____
Paul A. Robinson, Jr. 014464
5 North Third, Ste. 2000
Memphis, TN 38103
901-649-4053
Counsel for Black Farmers and
Agriculturalist Association, Inc.