PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CCS TRANS, INC., *et al.*, | ) | |
| | ) | CASE NO. 4:14CV2332 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 2 and 18] |

On October 20, 2014, Plaintiff CCS Trans, Inc. filed a Complaint to [Quiet] Title and for a Temporary Restraining Order (ECF No. 1) and a separate Motion for a Temporary Restraining Order (ECF No. 2). Plaintiffs named the United States Department of Treasury – the Internal Revenue Service ("IRS") as the defendant in the original complaint and motion.[1]

The next day, Plaintiff CCS Trans, Inc.'s Motion for a Temporary Restraining Order (ECF No. 2) was referred by the undersigned to Magistrate Judge Kathleen B. Burke pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and 72.2(a), which authorized her to file with the Court a report containing proposed findings and a recommendation for disposition of the motion.[2]

---

[1] Defendant is correct that the IRS has no capacity to be sued, and that Plaintiffs should have named the United States of America as a party instead of the IRS. *See, e.g.*, *Carelli v. Internal Revenue Service*, 668 F.2d 902, 904 (6th Cir. 1982) (The United States is the proper party, not the IRS).

[2] The undersigned was presiding over a jury trial in *United States of America v. Nickie Thomas Gray, Jr.*, No. 4:14CR0164 (N.D. Ohio filed May 6, 2014).

(4:14CV2332)

On October 23, 2014, Plaintiff CCS Trans, Inc. filed an Amended Complaint to Quiet Title, for Wrongful Levy and for a Temporary Restraining Order (ECF No. 9) that added (1) W. James Cobbin as a party-Plaintiff and (2) a claim for wrongful levy under 26 U.S.C. § 7426.[3]

On October 24, 2014, the magistrate judge submitted a Report and Recommendation (ECF No. 16) recommending that the Court deny the Motion for a Temporary Restraining Order because under the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a), the Court lacks jurisdiction to entertain the motion. Plaintiffs filed Objections to the Magistrate Judge's Report and Recommendation (ECF No. 18). The Court, after reviewing the record, the parties' briefs and the applicable law, hereby adopts the Report and denies the motion.

**I. Standard of Review for a Magistrate Judge's Report and Recommendation**

Where objections have been made to the magistrate judge's Report and Recommendation, the District Court standard of review is *de novo*. Fed. R. Civ. P. 72(b)(3).

A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the Magistrate Judge's Report to which Plaintiffs have properly objected.

---

[3] The Court has granted Plaintiffs' Motions for Leave to File Corrected Amended Complaint (ECF No. 10) and to Substitute Declaration (ECF No. 12) by separate Non-document Orders.

(4:14CV2332)

## II.  Law & Analysis

Plaintiffs object that the magistrate judge failed to consider the allegations set forth in their amended complaint.  Specifically, Plaintiffs contends that the magistrate judge "failed to consider the wrongful levy claim under [26 U.S.C. § 7426] in any manner whatsoever."  ECF No. 18 at PageID #: 387.  Next, Plaintiffs object that the magistrate judge misapplied the exception to the Tax Anti-Injunction Act discussed in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962).  ECF No. 18 at PageID #: 387.  Finally, Plaintiffs argue the Tax Anti-Injunction Act is only for taxes and not penalties, and the parties should be permitted to engage in limited discovery relating to the assessment.  ECF No. 18 at PageID #: 388.

**A. The allegations set forth in Plaintiffs' amended complaint**

Plaintiffs filed their amended complaint after Defendant filed its memorandum in opposition to the within Motion for Temporary Restraining Order (ECF No. 2).  As stated above, the Amended Complaint to Quiet Title, for Wrongful Levy and for a Temporary Restraining Order (ECF No. 9) added (1) W. James Cobbin as a party-Plaintiff and (2) a claim for wrongful levy.

The Court lacks subject matter jurisdiction to enjoin the IRS from collecting taxes from Plaintiff CCS Trans, Inc.  The Tax Anti-Injunction Act provides that, except for certain lawsuits authorized elsewhere in the Internal Revenue Code, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."  26 U.S.C. § 7421(a).  This is precisely what Plaintiff CCS Trans, Inc. seeks to do in the case at bar.  The purpose of the Tax

(4:14CV2332)

Anti-Injunction Act "is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Williams Packing*, 370 U.S. at 7.

In addition, Plaintiff CCS Trans, Inc. cannot find an escape hatch from the Tax Anti-Injunction Act by Plaintiff W.J. Cobbin raising a claim for wrongful levy under 26 U.S.C. § 7426. Under section 7426, a party other than the delinquent tax payer may seek injunctive relief to remedy a wrongful levy. 26 U.S.C. § 7426(a)(1), (b); *see also Sharp Mgmt., LLC v. United States*, No. C07-402JLR, 2007 WL 1367698, at *2 (W.D. Wash. May 8, 2007) (citing *Shannon v. United States*, 521 F.2d 56, 60 n. 10 (9th Cir. 1975)). Mr. Cobbin is the Chief Executive Officer and founder of Plaintiff CCS Trans, Inc. Declaration (ECF No. 14) at PageID #: 306, ¶ 1.

**B. The exception to the Tax Anti-Injunction Act set forth *Williams Packing***

The exception to the Tax Anti-Injunction Act discussed by the Supreme Court in *Williams Packing* applies only in those cases where (1) it is clear the Government will not ultimately prevail; and (2) equity jurisdiction otherwise exists. 370 U.S. at 7; *RYO Machine, LLC v. U.S. Dept. of Treasury*, 696 F.3d 467, 473 (6th Cir. 2012).

Mr. Cobbin admits, "I am aware that I have not paid my taxes for December 31st of 2008 and 2009." ECF No. 14 at PageID #: 308, ¶ 17. However, Plaintiff CCS Trans, Inc. does contest its liability for the civil penalty. ECF No. 11-1 at PageID #: 155. According to Plaintiffs, the 2004 W-2's were filed and the United States can not under any circumstances conceivably collect the 2004 civil penalty because it was never due. *See* ECF No. 14 at PageID #: 308, ¶ 15 and 334.

4

(4:14CV2332)

There is a three-year statute of limitations on the IRS's authority to enter an assessment under 26 U.S.C. § 6501(a).[4]  The United States did not assess Plaintiff CCS Trans, Inc. with the 2004 civil penalty until January 7, 2008.  Declaration of Aimee J. Coles (ECF No. 8-1) at PageID #: 40-41, ¶ 3.  Plaintiffs claim that they meet the first part of the *Williams Packing* exception because "the Government could not prevail under any circumstances on the 2004 civil penalty for the reason the penalty was not assessed within three years of its alleged due date." ECF No. 18 at PageID #: 387.

The Court finds Plaintiffs cannot meet the first part of the *Williams Packing* exception. "In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time." 26 U.S.C. § 6501(c)(3). Here, Plaintiff CCS Trans, Inc. was assessed the 2004 civil penalty for failing to file its W-2s. ECF No. 8-1 at PageID #: 40-41, ¶ 3.  As such, the United States could – as it did – assess the 2004 penalty beyond the general three-year statutory period.

**C. The Tax Anti-Injunction Act is for penalties**

Plaintiffs argue the Tax Anti-Injunction Act is only for taxes and not penalties.  Plaintiffs

---

[4] Section 6501, 26 U.S.C. provides, in pertinent part:
*Except as otherwise provided in this section*, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. . . (emphasis added).

5

(4:14CV2332)

are incorrect.  As stated in *Springer v. I.R.S. ex rel. U.S.*, 231 Fed.Appx. 793 (10th Cir. 2007):

> Because penalties and interest arising from the failure to pay taxes are assessed as taxes, *see* 26 U.S.C. § 6665(a)(2), the [Tax Anti-Injunction Act] bars actions seeking to enjoin their assessment.  *See Nuttelman v. Vossberg*, 753 F.2d 712, 714 (8th Cir. 1985) (per curiam) (holding that penalties and interest are subject to the [Tax Anti-Injunction Act]); *cf. Souther v. Mihlbachler*, 701 F.2d 131, 132 (10th Cir.1983) (per curiam) (holding that civil penalties imposed under 26 U.S.C. § 6682 for making false statements in connection with withholding are taxes within the meaning of the [Tax Anti-Injunction Act]).

*Id.* at 798; *see also Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. ----, 132 S.Ct. 2566, 2583 (2012) (noting that subchapter 68B penalties are treated as taxes for purposes of the Tax Anti-Injunction Act).  The Tax Anti-Injunction Act prohibits a federal court from enjoining the assessment or collection of penalties and interest arising from the failure to pay taxes.

**D.  Discovery relating to the assessment**

Finally, Plaintiffs contend the parties should be permitted to engage in limited discovery relating to the assessment of the 2004 civil penalty.  Plaintiffs request that a ruling on the Objections filed by Plaintiffs be deferred until Defendant responds to the written discovery requests they served on November 3, 2014.  Plaintiffs' First Combined Set of Discovery Requests Propounded to Defendant the United States (ECF No. 21-1), however, has nothing to do with whether the Magistrate Judge's Report and Recommendation should be adopted.

(4:14CV2332)

### III.  Conclusion

Accordingly, the Report and Recommendation (ECF No. 16) is hereby adopted.  The Motion for a Temporary Restraining Order (ECF No. 2) is denied.

IT IS SO ORDERED.

| | |
|---|---|
| November 26, 2014 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |