UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CCS TRANS, INC., | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ] Civil Action No.: 14-cv-02332-BYP |
| | ] |
| | ] Judge Benita Y. Pearson |
| UNITED STATES DEPARTMENT OF | ] |
| TREASURY – INTERNAL REVENUE | ] Magistrate Judge Kathleen B. Burke |
| SERVICE | ] |
| | ] |
| Defendant. | ] |

### THE UNITED STATES' MEMORANDUM
### IN SUPPORT OF ITS MOTION TO DISMISS

The defendant United States of America, wrongfully sued as the U. S. Department of the Treasury – Internal Revenue Service,[1] hereby submits this memorandum in support of its motion to dismiss the plaintiff CCS Trans, Inc.'s ("CCS") amended complaint (doc. no. 9) pursuant to Fed. R. Civ. P. 12(b)(1) (5) and (6).  CCS's amended complaint is barred by the sovereign immunity of the United States and, as a result, the District Court lacks jurisdiction.   In addition, CCS's amended complaint fails to state a claim upon which relief can be granted.  Moreover, CCS has failed to properly serve the United States pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

---

[1]  The plaintiff improperly named the Department of Treasury – the Internal Revenue Service as a defendant in the complaint, amended complaint and motion for temporary restraining order that were filed in this matter.  The Department of Treasury – Internal Revenue Service, as an agency of the United States, cannot be sued *eo nomine*, absent the express consent of Congress. *See Blackmare v. Guerre*, 342 U.S. 512, 514-15 (1952).

**INTRODUCTION**

"Bad things happen if you fail to pay federal . . . taxes when due. One of them is that interest accrues on the unpaid amount." *Hinck v. United States*, 550 U.S. 501, 502-03 (2007) (Chief Justice Roberts speaking on behalf of the Supreme Court). Another, is that the Internal Revenue Service ("IRS") has the right to institute collections actions against a taxpayer. *United States v. Energy Resources Co.*, 495 U.S 545, 547 (1990).

As the Court is well aware, the United States has employed levies to collect employment taxes and civil penalties owed from CCS. A levy is a legal seizure of property to satisfy a tax debt. Levies are different from liens in that a lien is a claim used as security for the tax debt, while a levy actually takes the property to satisfy the tax debt. If a taxpayer fails to pay a tax debt, or make arrangements to settle the taxpayer's debt, the IRS may seize and sell any type of real or personal property that a taxpayer owns or has an interest in. 26 U.S.C. § 6331. That is exactly what happened in this case.

Rather than pay the taxes owed, CCS filed this frivolous lawsuit seeking to enjoin the IRS's lawful collection actions. Although it is not wholly clear from the amended complaint, it appears that CCS also seeks to utilize 26 U.S.C. § 7433(a) to establish that the United States engaged in unauthorized collection actions against CCS. *See* Doc. No. 9 (CCS's Amended Complaint) at ¶2.[2] CCS's claim, however, cannot be heard in this Court because there has been no waiver of sovereign immunity by the United States and the plaintiff has failed to exhaust its administrative

---

[2] Specifically, CCS alleges in its amended complaint, "[t]he cause of action here to quiet title arises under 26 U.S.C. § 7433(a) by reason of the assertion by an officer of the United States of lien and levy for alleged unpaid payroll taxes, heavy load taxes and civil penalties for CCS."

remedies as required by 26 U.S.C. § 7433(d)(1).  In addition, it appears that CCS is asserting a wrongful levy action pursuant to 26 U.S.C. § 7426. *Id*. at ¶ 15.  The United States is entitled to a dismissal of the wrongful levy claim as a matter of law because CCS is not a proper party to assert a wrongful levy claim.

Simply put, CCS has not alleged facts that would properly provide a waiver of the United States' sovereign immunity from suit.  In addition, CCS has not stated a valid cause of action under the Federal Rules of Civil Procedure and it failed to properly serve the United States.  For these reasons, which are more fully discussed below, the amended complaint should be dismissed.

## ARGUMENT

### A. THE STANDARD OF REVIEW AND BURDEN.

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure may be used to attack two different types of defects: first, it may attack the facial sufficiency of the jurisdictional allegations of the complaint; second, it may challenge the factual basis for the court's subject matter jurisdiction despite the formal sufficiency of the jurisdictional allegations of the complaint. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *City of Olmsted Falls v. U.S. E.P.A.*, 266 F. Supp. 2d 718, 721-22 (N.D. Ohio 2003), aff'd, 435 F.3d 632 (6th Cir. 2006).  When reviewing motions to dismiss based upon a facial challenge, courts do not look beyond the allegations in the complaint, which are taken as true for purposes of the motion. *Ritchie,* 15 F.3d at 598; *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  The United States moves to dismiss this action for a lack of subject matter jurisdiction under Federal Rule 12(b)(1) by attacking the facial sufficiency of CCS's amended complaint.

When considering a motion for dismissal under Fed R. Civ. P. 12(b)(6), the Court must accept as true well-pleaded allegations, but not accept "conclusory allegations or conclusions of

law dressed up as facts," and dismiss if the complaint presents no set of facts that justify recovery. *Erie County, Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (reiterating the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Id*. at 1965. Additionally, in order to survive a motion to dismiss, the plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief. *Ashcroft v. Iqubal*, 556 U.S. 662, 678 (2009).

In addition, Rule 12(b)(5) of the Federal Rules of Civil Procedure provides for dismissal of an action where the service of process is insufficient. As discussed in greater detail below, dismissal of this action is warranted based upon Rules 12(b)(1), (5) and (6) of the Federal Rule of Civil Procedure.

> B. THIS ACTION SHOULD BE DISMISSED FOR LACK OF JURISDICTION BECAUSE THE PLAINTIFF FAILED TO ESTABLISH A WAIVER OF SOVEREIGN IMMUNITY.

The United States, as sovereign, may not be sued without its consent, and sovereign immunity is waived only when Congress expressly consents to suit by statute. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *see United States v. Thompson*, 98 U.S. 486 (1878) (discussing the ancient origins of sovereign immunity as the prerogative of the Crown at common law that were imparted to the federal government of the United States upon its creation). Any statute waiving sovereign immunity "is to be strictly construed, in terms of its scope, in favor of the sovereign. Such a waiver must also be 'unequivocally expressed' in the statutory text." *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999) (citations omitted).

Any consent to suit must be unequivocally expressed by Congress and is to be strictly and narrowly construed in favor of the United States. *United States v. Idaho*, 508 U.S. 1, 7 (1993); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992); *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Absent a waiver, sovereign immunity bars any suit "if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (citations omitted). Moreover, the terms of its consent define a court's jurisdiction. *U.S. Dept. of Energy v. Ohio*, 503 U.S. 607, 615 (1992); *United States v. Testan*, 424 U.S. 392, 399 (1976). The doctrine of sovereign immunity is jurisdictional in nature and, as such, plaintiffs bear the burden of establishing a waiver of sovereign immunity in any suit against the United States. *United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 272 (1931). To maintain this action against the United States, CCS must establish that the United States has explicitly waived sovereign immunity. It cannot do so in this case.

CCS attempts to rely on 26 U.S.C. § 7433(a). That section, however, provides a limited waiver of sovereign immunity for suits by taxpayers for *damages* against the United States where any IRS officer or employee, in connection with the collection of any tax, "recklessly, intentionally, or by reason of negligence" disregards any provision of the Internal Revenue Code or any regulation promulgated under the Code. *See Allied/Royal Parking L.P. v. United States*, 166 F.3d 1000, 1003 (9th Cir. 1999) ("[S]ection 7433's limited waiver of sovereign immunity must be read narrowly."). Section 7433(b) restricts recovery to "actual, direct economic damages" and caps those damages at $1,000,000.00 ($100,000.00, in the case of negligence).

Under section 7433, CCS must first have exhausted the administrative remedies available within the IRS. 26 U.S.C. § 7433(d)(1); *Fishburn v. Brown,* 125 F.3d 979, 982 (6th Cir.1997);

5

*Romp v. United States*, 96 Fed. Appx. 978, 980 (6th Cir. 2004); *Tharp v. United States*, 13 Fed. Appx. 326, 327 (6th Cir. 2001).  If the taxpayer has not exhausted those administrative remedies, then the taxpayer has failed to comply with a mandatory requirement of the United States' waiver of its sovereign immunity and this Court may not consider an action for damages. *Abraitis v. United States*, 709 F.3d 641 (6th Cir. 2013) (citing *Hoogerheide v. I.R.S.*, 637 F.3d 634, 637 (6th Cir. 2011)).  The exhaustion requirement is mandatory, and where a claimant under § 7433 has failed to show exhaustion of administrative remedies, a court may not grant the relief which the statute may otherwise provide. *Hoogerheide*, 637 F.3d at 637-39.

Here, CCS does not allege that it filed an administrative claim in the manner required by section 7433(d)(1) and the regulations. Treas. Reg. § 301.7433-1(e) requires that taxpayers send § 7433 claims in writing to the Area Director, marked to the attention of the Compliance Technical Support Manager of the area in which the taxpayer currently resides, setting forth: (1) the ground for the claim; (2) a description of the injuries sustained (including copies of any available substantiating documentation or evidence); (3) the dollar amount of the claim; (4) the taxpayer's name, current address, home and work telephone numbers with convenient times to be contacted, and the taxpayer's identification number; and (5) the signature of the taxpayer. Treas. Reg. § 301.7433-1(e); *Hoogerheide*, 637 F.3d at 636-37.  Instead, CCS simply states, "CCS has exhausted all administrative remedies."  Doc. No. 9 at ¶ 2.  Such an allegation is insufficient to waive the United States' sovereign immunity. *Id*.

Because CCS has failed to show that it has complied with the terms of the only possible applicable waiver of sovereign immunity by the United States, the action must be dismissed for CCS's failure to comply with the mandatory requirement to exhaust its administrative remedies.  Thus, the complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil

Procedure for lack of jurisdiction.

    C.    THIS ACTION SHOULD BE DISMISSED FOR CCS'S FAILURE TO STATE A CLAIM BECAUSE IT CANNOT PROPERLY ALLEGE A WRONGFUL LEVY ACTION.

The allegations in CCS's amended complaint also appear to allege a wrongful levy claim under 26 U.S.C. § 7426. Doc. No. 9 (CCS's Amended Complaint) at ¶15. Contrary to CCS's claim, section 7426 provides standing for third-parties that have an interest in a levied property. 26 U.S.C. § 7426(a)(1). Indeed, the statute expressly excludes from those authorized to bring a wrongful levy action, the taxpayer against whom the IRS seeks to collect taxes. 26 U.S.C. § 7426(a)(1) ("If a levy has been made on property or property has been sold pursuant to a levy, and any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States."); *United States v. Kaigler*, 109 F. Supp. 2d 732, 735 (N.D. Ohio 2000). CCS is the entity against whom the tax is assessed; it is not a third-party. For this reason, a dismissal is warranted because CCS's amended complaint fails to state a claim upon which relief can be granted.

    D.    EVEN IF THIS COURT HAD JURISDICTION, CCS'S FAILURE TO EFFECT PROPER SERVICE WOULD WARRANT DISMISSAL.

It is a fundamental principle of American common law that no court acquires *in personam* jurisdiction over any defendant until proper service of process has been effected in accordance with the applicable rules of procedure. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999). Fed. R. Civ. P. 12(b)(5) provides for dismissal of an action where the service of process is insufficient. That Rule is applicable here as no proper service of the summons and complaint has been effected.

Pursuant to Rule 4(i) of the Federal Rules of Civil Procedure, "[t]o serve a United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.."

In short, the United States may be served by sending a copy of the summons and complaint by certified or registered mail to the U.S. Attorney's Office **and** the United States Attorney General.

As noted above, CCS failed to properly serve the United States. Although CCS sent a copy of the summons and complaint to the IRS and the U.S. Attorney General, as evident from the docket history, CCS never served the U.S. Attorney's Office, as required by Rule 4(i) of the Federal Rules of Civil Procedure. Accordingly, CCS did not properly serve the United States and, as a result, its complaint should be dismissed for insufficiency of service of process.

To further illustrate the frivolous nature of this suit, CCS recently filed a motion for summary judgment on the grounds that because the United States did not respond to CCS's request for admissions, those requests are deemed admitted. Doc. No. 28 (CCS's summary judgment motion). CCS's position is wrong as a matter of law.

First, CCS claims that it served its written discovery request, including the Request for Admissions, on November 3, 2014. However, the United States was not a party to the suit by that date because, as explained above, it has yet to be properly served with the complaint and/or

8

amended complaint in this action. In fact, according to the docket history, the U.S. Attorney General was even not served until November 26, 2014, which was 23 days after CCS claims to have served its written discovery requests. *See* Doc. No. 31.[3] Therefore, partial service had not even been attempted by November 2014.

Under CCS's logic, any plaintiff could to obtain judgment against any defendant, so long as the plaintiff: (1) files a lawsuit without serving the defendants, (2) sends requests for admissions, and (3) files a motion for summary judgment 31 days thereafter claiming that the defendant consents to liability because the defendant did not respond to the requests for admissions. Contrary to CCS's logic, a defendant must first be properly served before there can be discovery under the rules of civil procedure because, until that occurs, the defendant is not a party to the action. *Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344, 350 (1999) (holding that one becomes a party "only upon service of a summons or authority-asserting measure stating the time within which the party served must appear and defend.")

In addition, CCS, unsurprisingly, did not otherwise properly serve the written discovery requests pursuant to Rule 5(b) of the Federal Rules of Civil Procedure. It is clear from CCS's discovery requests that they was sent electronically, *see* doc. no. 28-1 at p. 19, however, the parties never had an agreement that such papers could be served in that fashion. Such an agreement is necessary, pursuant to Rule 5(b)(2)(e) under the Federal Rules of Civil Procedure, before any such service can be effective. For these reasons, the United States was/is not obligated to respond to CCS's written discovery requests and, consequently, even if the Court otherwise had jurisdiction,

---

[3] The IRS was purportedly served on November 29, 2014.

9

CCS's motion for summary judgment should be denied. In any event, unless this action is dismissed before a response to CCS' motion for summary judgment is due, the United States will file a separate opposition to CCS's motion for summary judgment within the designated time frame under the rules.

## CONCLUSION

Because jurisdiction does not exist under any plausible reading of CCS's amended complaint, the action should be dismissed. In addition, this action should be dismissed because CCS failed to state a claim upon which relief can be sought and CCS failed to properly serve the United States.

Defendant,
United States of America, wrongfully sued as Department of Treasury – Internal Revenue Service

*/s/ W. Damon Dennis*
W. Damon Dennis
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Washington, DC 20044
Telephone: (202) 616-1460
Facsimile: (202) 514-5238
Email: w.damon.dennis@usdoj.gov

10

**CERTIFICATE OF SERVICE**

I hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing on December 11, 2014. I further certify that this document was served on the plaintiff electronically and at the address shown below, by first class mail, postage prepaid:

>Paul A. Robinson, Jr.
>Ste. 2000
>5 North Third Street
>Memphis, TN 38103

>*/s/ W. Damon Dennis*
>Trial Attorney
>US Department of Justice
>Tax Division