PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| CCS TRANS, INC., *et al.*, | ) |
| Plaintiffs, | ) CASE NO. 4:14CV2332 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| UNITED STATES DEPARTMENT OF THE TREASURY, *etc.*, | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Defendant. | ) **ORDER** [Resolving ECF Nos. 26, 28, 32] |

Pending is Plaintiffs' Motion for Reconsideration. ECF No. 26.  Defendant opposes this motion. ECF No. 36.  Plaintiffs' have also filed a Motion for Summary Judgment (ECF No. 28) that Defendant opposes (ECF No. 38) and to which Plaintiffs replied (ECF No. 40).  Also pending is Defendant's Motion to Dismiss (ECF No. 32) that Plaintiffs' opposes (ECF No. 41). The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law.  For the reasons set forth below, the Court denies both Plaintiffs' Motion for Reconsideration and Motion for Summary Judgment, and grants Defendant's Motion to Dismiss. As explained below, the dismissals are without prejudice as to Plaintiff W. James Cobbin.

### I. Background

Plaintiff CCS Trans, Inc. ("CCS") is a transportation business located in Youngstown, Ohio.  Plaintiff W. James Cobbin is the founder, majority shareholder, and Chief Executive

4:14CV2332

Officer of CCS. ECF No. 10-1 at PageID #: 101, ¶ 3-4 (Corrected Amended Complaint).[1] CCS has outstanding tax liabilities from the fourth quarters of 2008 and 2009 as well as a civil penalty from 2004 which form the basis for the levy at issue in this case. ECF No. 11-1 at PageID #: 154. The 2008 and 2009 tax liabilities result from outstanding Form 941 employment tax liabilities; the civil penalty was assessed for failure to file 2004 W-2s. ECF No. 8 at PageID #: 29-30. The Internal Revenue Service ("IRS") and CCS entered into a partial pay installment agreement for these liabilities, but CCS defaulted on the agreement by accruing another employment tax liability and missing numerous monthly payments. ECF No. 8-1 at PageID #: 42, ¶ 6-7. A balance remains unpaid. *Id.* at PageID#: 40-41, ¶ 3. Cobbin admits that CCS has not paid the taxes from 2008 or 2009, but contests the civil penalty for failure to file the 2004 W-2's. ECF No. 14 PageID #: 308, ¶ 15, 17.

CCS and Cobbin filed suit to quiet title and for wrongful levy. ECF No. 10-1. Plaintiffs also moved for a temporary restraining order ("TRO") suspending the enforcement of the levy. ECF No. 2.

Magistrate Judge Burke issued a Report and Recommendation ("R&R") recommending denial of the TRO based on a lack of jurisdiction. ECF No.16 at PageID #: 363-64. Plaintiffs raised objections to the R&R (ECF No.18) claiming, among other objections, that the R&R failed to consider the amended complaint. ECF No. 18 at PageID #: 387-88. The Court considered Plaintiffs objections and adopted the R&R denying the TRO (ECF No. 24). After the denial of the TRO, Plaintiffs filed a motion to reconsider a portion of the TRO (ECF No. 26) and their Motion for Summary Judgment (ECF No. 28). Defendant has filed a Motion to Dismiss

---

[1] The Court granted leave to file the Corrected Amended Complaint (ECF No. 10-1) on November 24, 2014. It is deemed filed as of October 23, 2014.

4:14CV2332

(ECF No. 32) both the quiet title and the wrongful levy claims. Prior to resolving the pending motions, the Court gave the parties and opportunity to meet with the IRS agent and discuss their respective settlement positions. The parties failed to reach an agreement. ECF No. 43 at PageID #: 642.

## II. Motion for Reconsideration

Plaintiffs request reconsideration, in accordance with Fed. R. Civ. P. 59(e), of the following part of the November 26, 2014 Order (ECF No. 24) denying the TRO:

> In addition, Plaintiff CCS Trans, Inc. cannot find an escape hatch from the Tax Anti-Injunction Act by Plaintiff W.J. Cobbin raising a claim for wrongful levy under 26 U.S.C. § 7426. Under section 7426, a party other than the delinquent tax payer may seek injunctive relief to remedy a wrongful levy. 26 U.S.C. § 7426(a)(1), (b); *see also*, *Sharp Mgmt., LLC v. United States*, No. C07-402JLR, 2007 WL 1367698, at *2 (W.D. Wash. May 8, 2007), (citing *Shannon v. United States*, 521 F.2d 56, 60 n. 10 (9th Cir. 1975)). Mr. Cobbin is the Chief Executive Officer and founder of Plaintiff CCS Trans, Inc. Declaration (ECF No.14) at PageID #: 306, ¶ 1.

ECF No. 24 at PageID #: 434. Plaintiffs assert that Cobbin is not the same taxpayer as CCS and has filed the wrongful levy claim in his capacity as an employee of CCS. Therefore, Plaintiffs argue that Cobbin is not the alleged delinquent taxpayer and has a right to sue for wrongful levy under 26 U.S.C. § 7426. Plaintiffs contend that not allowing Cobbin to sue for wrongful levy amounts to a clear error of law. ECF No. 26 at Page ID #442-43.

Fed. R. Civ. P. 59(e) provides that district courts may alter, amend, or vacate a prior judgment. *See Huff v. Metropolitan Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). The Rule permits district courts to amend judgments where there is: "(1) a clear error

3


4:14CV2332

of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005).

The Sixth Circuit has explained that "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard,* 533 F.3d at 475; s*ee also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1988). Indeed, "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard,* 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe,* 146 F.3d at 374). "The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court." *Huff,* 675 F.2d at 122; *see also* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (3d ed.). When the moving party views the law in a light contrary to that of the court, its proper recourse is to appeal, not file a motion for reconsideration. *McConocha v. Blue Cross and Blue Shield Mut. Of Ohio*, 930 F. Supp 1182, 1184 (N.D. Ohio 1996).

Plaintiffs contend that a clear error of law was committed in the Order denying a TRO. Plaintiffs' reading of the relevant part of the order led them to believe that it said Cobbin could not maintain a claim under 26 U.S.C. § 7426. ECF No. 26 at PageID #: 443. CCS and Cobbin's basis for their contention is solely that Cobbin is an employee of CCS and therefore a third party who can file a wrongful levy claim. However, the portion of the Order that Plaintiffs would like reconsidered does not say that Cobbin cannot bring a wrongful levy claim. The Order denying the TRO holds only that a TRO will not be issued.

As Defendant stated in their brief opposing the TRO, CCS is attempting to stop the Internal Revenue Service ("IRS") from conducting collection activities, an action that is barred

4

4:14CV2332

by the Tax Anti-Injunction Act ("AIA").  26 U.S.C. § 7421(a); ECF No. 8 at PageID #: 28. Defendant also argues that Plaintiffs filed their amended complaint in response to the Defendant's opposition to the TRO as an attempt to circumvent the IRS's collection efforts. ECF No. 20 at PageID #: 395 n. 3.  As the Order denying the TRO stated, CCS and Cobbin cannot avoid the AIA by adding Cobbin's wrongful levy claim.[2]  ECF No. 24.

A temporary restraining order to enjoin the collection of taxes under Plaintiffs' first theory of relief, the claim to quiet title as to CCS, is barred by the AIA for reasons set forth in the R&R (ECF No. 16).  In the R&R, the magistrate judge also considered Plaintiffs' amended complaint, which added a wrongful levy claim by Cobbin, before recommending denial of the TRO.  The Court did not hold that Cobbin cannot bring a wrongful levy claim.  Indeed, wrongful levy claims are exempt from the AIA.  26 U.S.C. §7421(a).  Cobbin, however, did not provide sufficient evidence to prevail.  He did not show irreparable injury to property rights that the Court deems superior to the rights of the United States in such property that would allow injunctive relief.  26 U.S.C. § 7426(b)(1).  Not even Cobbin can escape the result created by the AIA with a new claim that does not support issuing a TRO.

Because the AIA allows wrongful levy claims under 26 U.S.C. § 7426, this claim may be brought by Cobbin and injunctive relief could be granted upon the showing of sufficient

---

[2]  The Corrected Amended Complaint alleges a wrongful levy claim under 26 U.S.C. § 7426, however the pleading does not make clear who—CCS or Cobbin--brings this claim.  *See* ECF No. 10-1.  Section 7426 allows a third party that has an interest in the levied property to bring suit.  The statute expressly excludes the taxpayer against whom the IRS is seeking to collect taxes from bringing suit. *See* 26 U.S.C. § 7426 (providing that "any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States").

4:14CV2332

evidence. However, the Court's Order (ECF No. 24) does not address this claim. It rules only on Plaintiffs' motion for a TRO, which the Court has found no basis for granting.

If Cobbin wanted to be considered as an employee for the purposes of the wrongful levy claim, the amended complaint should have included this information or it should have been raised in the objections to the Magistrate Judge's R&R. There was ample opportunity for Plaintiffs to raise this argument before the Court entered judgment denying the TRO.[3] A motion for reconsideration cannot be used to make arguments that could have been raised prior to judgment. *Howard*, 533 F.3d at 475.

Because Plaintiffs are attempting to enjoin IRS collection activities through a TRO, they are collectively maintaining a suit that is not allowed under the AIA. The wrongful levy claim and claim to quiet title may be actionable, but the Court has not been provided adequate support or jurisdiction to issue a TRO. For these reasons, the Court denies Plaintiffs' Motion for Reconsideration (ECF No. 26).

### III. Motion for Summary Judgment

Plaintiffs have filed a motion for summary judgment on the basis that the United States failed to timely reply to requests for admissions and thus the requests were deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3). Plaintiffs contend that these admissions are now conclusively established pursuant to Rule 36(b) and prove that Plaintiffs' claims come within the exception to the AIA. ECF No. 28 at PageID #: 476.

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any

---

[3] While not typically done, the Court referred the TRO to the assigned magistrate judge, allowing the parties time to resolve the dispute without the Court's intervention.

4:14CV2332

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* Johnson v. Karnes, 398 F.3d 868, 873 (6th Cir. 2005). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." Guarino v. Brookfield Twp. Trustees, 980 F.2d 399, 403 (6th Cir. 1992). To defeat the motion, the non-moving party must "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Id*. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). A fact is "material" only if its resolution will affect the outcome of the lawsuit. In determining whether a factual issue is "genuine," the court must decide whether the evidence is such that reasonable jurors could find for the non-moving party. "[S]ummary judgment will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

Defendant has relied on evidence in the record that creates genuine issues of material fact. Defendant has shown that at the time admissions were requested, the United States was not yet a party to this suit because service had not been perfected pursuant to Fed. R. Civ. P. 4(i). The United States was not properly a party to this suit until December 12, 2014. ECF No. 30 at PageID #: 502 (service of process on IRS on November 29, 2014); ECF No. 31 at PageID #: 504 (service of process on Attorney General on November 26, 2014); ECF No. 34 at PageID #: 520 (service of process on U.S. Attorney for the Northern District of Ohio on December 12, 2014). Additionally, Defendant had not consented to receive discovery requests electronically pursuant to Fed. R. Civ. P. 5(b)(2)(E). ECF No. 38 at PageID #: 532. Defendant was not required to

7

4:14CV2332

respond to the request for admissions as they were sent electronically and prior to service of process being perfected.  ECF No. 40-1 at PageID #: 566; *Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344, 350 (1999) ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.").  Furthermore, Plaintiffs did not cure these errors by resending the requests for admissions after Defendant was properly a party to this suit.

Accordingly, the Court denies Plaintiffs' Motion for Summary Judgment (ECF No. 28).

### IV. Defendant's Motion to Dismiss

Defendant has brought a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6); and, insufficient service of process pursuant to Rule 12(b)(5).  ECF No. 33 at PageID #: 508.

#### A. Lack of Subject Matter Jurisdiction

Defendant seeks to dismiss the claims that rely on 26 U.S.C. § 7433(a) under their Rule 12(b)(1) motion because Plaintiffs have failed to show a waiver of sovereign immunity that would allow the United States to be sued.

The process for assessing whether a lawsuit challenged under Fed. R. Civ. P. 12(b)(1) should continue or be dismissed depends on the type of challenge posed.  The Sixth Circuit has previously noted that Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction can be either facial or factual attacks*. Ohio Nat'l Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990)*;* s*ee also O'Bryan v. Holy See*, 556 F.3d 361, 375-76 (6th Cir. 2009); *Gentek Bldg. Prods. v. Sherwin-Williams Claims*, 491 F.3d 320, 330 (6th Cir. 2007); *United States v. Ritchie,* 15 F.3d

8

4:14CV2332

592, 598 (6th Cir. 1994). "A *facial* attack is a challenge to the sufficiency of the pleading itself." *Ritchie,* 15 F.3d at 598 (emphasis in original). When reviewing a facial attack, a court "takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Ohio Nat'l Life Ins. Co.,* 922 F.2d at 325. However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *see also*: *Erie County, Ohio v. Morton Salt, Inc.* 702 F.3d 860, 867 (6th Cir. 2012) (the Court must accept all factual allegations as true, but need not "accept conclusory allegations or conclusions of law dressed up as facts").

Defendant's 12(b)(1) motion is a facial attack on the sufficiency of Plaintiffs' Corrected Amended Complaint. ECF No. 33 at PageID #: 510. Defendant claims that it has not waived its sovereign immunity, and CCS has not shown any evidence that would create a waiver of sovereign immunity. *Id.* at PageID #: 513. "Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court defines that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (internal quotation marks omitted).

The Corrected Amended Complaint states that the claim in this action arises under the provisions of 26 U.S.C. § 7433(a), among other jurisdictional statutes. ECF No. 10-1 at PageID #: 100, ¶ 1. However, this statute provides only a limited waiver of sovereign immunity in suits by taxpayers for damages against the United States. For sovereign immunity to be waived, an IRS agent must recklessly, intentionally, or negligently disregard the provisions of the Internal Revenue Code in connection with the collection of any Federal tax. 26 U.S.C. §7433(a). Furthermore, § 7433 places limitations on when an action can be brought. Relevant here is the

9

4:14CV2332

limitation that the taxpayer must first exhaust all available administrative remedies through the IRS before bringing suit.  26 U.S.C. §7433(d)(1); *Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir. 1997) (holding that exhaustion is a mandatory pre-requisite to suit).

Plaintiffs have not pled sufficient facts to plausibly show that they have exhausted all administrative remedies available to them.  The Corrected Amended Complaint merely states that "CCS has exhausted all administrative remedies."  ECF No. 10-1 at PageID #: 101, ¶ 2. This is a conclusory allegation styled as a fact and does not plausibly show that Plaintiffs have exhausted all administrative remedies.[4]  Additionally, statements made by the IRS agent do not show that administrative remedies had been exhausted prior to filing suit.  *See* ECF No. 8-1.

The Court lacks subject matter jurisdiction over the claim to quiet title arising under the provisions of 26 U.S.C. § 7433(a).  Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiffs' quiet title claim.  For reasons earlier explained, the dismissal is without prejudice as to Cobbin.

**B. Failure to State a Claim Upon Which Relief Can be Granted**

To survive a Rule 12(b)(6) motion, the complaint must allege enough facts to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "In reviewing a dismissal under Rule 12(b)(6), all allegations in the complaint should be taken as true, and the complaint is to be construed liberally in favor of the party opposing the motion to dismiss."  *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009).  A court may order dismissal "if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim."  *Ashiegbu v.*

---

[4]  For example, CCS could have pleaded that they filed an administrative claim in accordance with Treas. Reg. § 301.7433-1(e), which details the procedure for filing an administrative claim that satisfies the requirements of § 7433(d)(1).

10

4:14CV2332

*Purviance*, 76 F. Supp.2d 824, 828 (S.D. Ohio 1998), *aff'd* 194 F.3d 1311 (6th Cir. 1999), *cert. denied*, 529 U.S. 1001 (2000). "A district court is not permitted to consider matters beyond the complaint." *Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). However, a court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "While a complaint need not set down in detail all the particularities of a plaintiff's claim, the complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (internal quotation marks omitted). The plaintiff must do more than make bare legal conclusions. *Id*. at 725. The Court does not accept "conclusory legal allegations that do not include specific facts necessary to establish the cause of action." *New Albany Tractor, Inc. v. Lousville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011).

      According to Plaintiff's opposition to the United States' Motion to Dismiss, the Corrected Amended Complaint sets forth a claim under 26 U.S.C. § 7426 on behalf of both CCS and Cobbin personally in his capacity as an employee. ECF No. 41 PageID #: 589. CCS does not have standing to bring a wrongful levy claim because it is the party against whom the tax has been assessed. Because CCS is the entity against which the levies were issued, dismissal of its wrongful levy claim is warranted. CCS has failed to state a claim upon which relief can be granted.

      Plaintiffs additionally allege a wrongful levy claim on behalf of Cobbin personally. Plaintiff's opposition to the United States Motion to Dismiss (ECF No. 41) states that this claim

11

4:14CV2332

is brought on behalf of Cobbin as an employee of CCS.   The Corrected Amended Complaint, unfortunately, is less than clear on this matter and merely states that "[b]y reason of his status as a founder, shareholder and officer, Plaintiff W. James Cobbin has [an] interest in the revenue of CCS Trans, Inc." ECF No. 10-1 at PageID #: 103, ¶14.  The corrected amended complaint does not mention Cobbin in his capacity as an employee. The first time this issue is raised is in Plaintiffs' Motion for Reconsideration (ECF No. 26).  Because this information is not alleged in the corrected amended complaint, Defendant was not given fair notice as to the nature of this claim and the grounds upon which it rests.  *See Lillard*, 76 F.3d at 724.

Additionally, Cobbin has not pled enough facts to show the requisite interest for a wrongful levy claim.  In order for a third party to bring a claim under § 7426, the third party must have a pre-existing interest in the property being levied.  *McGinness v. United States*, 90 F.3d 143, 146 (6th Cir. 1996).   Examples of an interest sufficient to convey standing are:  fee simple or equivalent, a possessory interest, a security interest, or a lien on the property.  *Id.* Unsecured interests are not sufficient to confer standing.  *Id.*; *see also Aspinall v. United States,* 984 F.2d 355, 358 (10th Cir. 1993) (general creditor's unsecured claim of contractual right to be paid is not adequate for standing).  In this case, Cobbin has only claimed an interest in the revenue of CCS.   ECF No. 10-1 at PageID #: 103, ¶14.  If unsecured, Cobbin's interest in the revenue of CCS would not confer standing for the purposes of a wrongful levy claim.

CCS and Cobbin have both failed to state a claim upon which relief can be granted for a wrongful levy, these claims are dismissed under Rule 12(b)(6).  For reasons earlier given, the dismissal is without prejudice as to Cobbin.

4:14CV2332

### C. Insufficiency of Service of Process

Having addressed the other issues raised by Defendant's motion, the Court declines to address this alternate argument.

## V. Conclusion

For the reasons stated above, the Court denies Plaintiffs' Motion for Reconsideration (ECF No. 26) and Motion for Summary Judgment (ECF No. 28).  The Court grants Defendant's Motion to Dismiss (ECF No. 32) on the grounds of Rule 12(b)(1) and (6).  The dismissals are without prejudice to Plaintiff W. James Cobbin.


    IT IS SO ORDERED.


| | |
|---|---|
| August 31, 2015 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |